UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

YESIKA MEDINA,
and other similarly situated individuals,

        Plaintiff(s),

vs.                                      CASE NO.: 1:16-cv-21710-UU

HARBOR VILLAGE INC., AND ROBERT
G. NIZNIK, INDIVIDUALLY

        Defendants.
_____/

## DEFENDANTS' ANSWER AND DEFENSES
## TO PLAINTIFF'S COMPLAINT

Defendants Harbor Village Inc. ("Harbor Village") and Robert G. Niznik ("Niznik") (collectively "Defendants"), pursuant to Fed. R. Civ. P. 12, answer the unnumbered and numbered paragraphs of the Complaint filed by Plaintiff Yesika Medina and present the following defenses:

### "JURISDICTION"

1.    Admitted that this purports to be an action by Plaintiff and other similarly-situated individuals for damages exceeding $15,000.00 excluding attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.,* ("FLSA"), and the Florida Minimum Wage Act, Article X, Section 24 of the Florida Constitution ("FMWA"), to recover alleged unpaid overtime and/or minimum wage compensation, liquidated damages, declaratory relief, and attorneys' fees and costs. Denied that Plaintiff or other similarly-situated individuals are entitled to any relief under said statutes.

2. Admitted.

3. Defendants are without sufficient knowledge to admit or deny the facts alleged in paragraph 3, and therefore deny same.

4. Admitted, except that the allegation that Harbor Village is engaged in interstate commerce is a legal conclusion to which no response is required.

5. Admitted that venue is proper in Miami Dade because all of the actions that form the basis of Plaintiff's complaint allegedly occurred within Mimi Dade County and payment was allegedly due in Miami Dade County.

6. Admitted that declaratory, injunctive, legal and equitable relief are sought pursuant to the laws set forth above together with attorneys' fees, costs, and damages. Denied that Plaintiff is entitled to the relief sought.

7. Defendants are without sufficient knowledge to admit or deny the facts alleged in paragraph 7, and therefore deny same.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Admitted.

9. Denied

10. Denied.

11. Denied.

12. Denied.

## COUNT I:
## WAGE & HOUR FEDERAL STATUTORY VIOLATION AGAINST HARBOR VILLAGE INC.

13. Defendants reallege and adopt the responses to the allegations of Paragraphs 1-12, as if fully set forth herein.

14. Admitted that this purports to be an action brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as liquidated damages, costs, and attorneys' fees under the provisions of 29 U.S.C. § 201 *et seq.* Denied that Plaintiff or other similarly-situated individuals are entitled to any relief under said statutes. The remainder of the allegation is denied as a legal conclusion to which no response is required.

15. Admitted.

16. Admitted, except that the allegation that Harbor Village is engaged in interstate commerce is a legal conclusion to which no response is required.

17. Admitted, except that the allegations that Harbor Village is engaged in interstate commerce and satisfies the FLSA coverage requirements are legal conclusions to which no response is required.

18. The allegations of paragraph 18 set forth legal conclusions to which no response is required.

19. Admitted that Plaintiff seeks to recover for unpaid wages accumulated from the date of hire. Denied that there are any unpaid wages to which Plaintiff is entitled.

20. Denied.

21. Denied.

22. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in subsections (A) through (E) of the "Wherefore" clause following paragraph 22 of the Complaint and further deny that Plaintiff is entitled to any relief at all.

**COUNT II:**
**WAGE & HOUR STATUTORY VIOLATION AGAINST ROBERT G. NIZNIK**

23. Defendants reallege and adopt the responses to the allegations of Paragraphs 1-22, as if fully set forth herein.

24. Admitted that this purports to be an action brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as liquidated damages, costs, and attorneys' fees under the provisions of 29 U.S.C. § 201 *et seq*. Denied that Plaintiff or other similarly-situated individuals are entitled to any relief under said statutes. The remainder of the allegation is denied as a legal conclusion to which no response is required.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Admitted as to Defendant Harbor Village except that the allegation that Harbor Village is engaged in interstate commerce is a legal conclusion to which no response is required. Denied as to Defendant Niznik.

30. Admitted as to Defendant Harbor Village, except that the allegations that Harbor Village is engaged in interstate commerce and satisfies the FLSA coverage requirements are legal conclusions to which no response is required. Denied as to Defendant Niznik.

31. The allegations of paragraph 31 set forth legal conclusions to which no response is required.

32. Admitted that Plaintiff seeks to recover for unpaid wages accumulated from the date of hire. Denied that there are any unpaid wages to which Plaintiff is entitled.

33. Denied.

34. Denied.

35. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in subsections (F) through (J) of the "Wherefore" clause following paragraph 35 of the Complaint and further deny that Plaintiff is entitled to any relief at all.

## COUNT III:
## FLSA RETALIATION VIOLATION AGAINST HARBOR VILLAGE INC

36. Defendants reallege and adopt the responses to the allegations of Paragraphs 1-35, as if fully set forth herein.

37. Denied as a legal conclusion to which no response is required.

38. Denied.

39. Denied.

40. Denied.

Defendants deny that Plaintiff is entitled to any of the relief requested in subsections (A) through (F) of the "Wherefore" clause following paragraph 40 of the Complaint and further deny that Plaintiff is entitled to any relief at all.

## "JURY DEMAND"

Defendants admit that Plaintiff seeks demands a trial by jury.

## AFFIRMATIVE DEFENSES AND OTHER DEFENSES

41. All actions taken with regard to Plaintiff's employment were based on legitimate business reasons totally unrelated to alleged protected activity.

42. All actions taken with regard to Plaintiff's employment were for good cause and taken in good faith.

43. Any recovery by Plaintiff must be reduced, in whole or in part, because and to the extent that Plaintiff failed or refused to take reasonable efforts to mitigate Plaintiff's damages.

44. Robert Niznik is not a proper party-defendant in this case.

45. Robert Niznik is not a covered employer under the FLSA.

46. Plaintiff has been properly compensated for all hours worked.

47. Plaintiff was paid properly for her work.

48. Defendants have at all times engaged in good-faith efforts to comply with applicable law, and with reasonable belief that they were so complying, and any violation by them, if any, was inadvertent and not willful or reckless, and consequently they are not liable for liquidated damages and application of a three-year statute of limitations is not warranted.

49. The damages of Plaintiff are limited by the provisions of the FLSA.

50. Without conceding that Plaintiff has suffered any damages as a result of any alleged wrongdoing by Defendants, any recovery Plaintiff may be entitled to as a result of this action must be off-set or reduced by overpayments made by Defendants to Plaintiff and/or by any amounts of compensation and benefits that Plaintiff would not have otherwise received but for any overtime work or by any amounts of compensation and benefits that Claimant received for projects not performed or not performed properly.

-7-

51. Plaintiff's claims and the time for which Plaintiff seeks compensation under the FLSA are *de minimis*. Plaintiff's claims are thus barred by the *de minimis* doctrine.

52. Some or all of Plaintiff's claims are barred or limited by the applicable statute of limitations.

53. Plaintiff is not entitled to relief because any alleged acts or omissions by Defendants were in good faith, in conformity with and in reliance on applicable administrative regulations, orders, rules, approval or interpretation, or administrative practices or enforcement policies of the Administrator of the Wage and Hour Division of the United States Department of Labor and/or judicial orders and interpretations with respect to the class of employers to which Defendants belong.

54. Plaintiff may not maintain a suit on behalf of Plaintiff and other similarly-situated individuals because there are no such similarly-situated individuals within the meaning of the FLSA.

55. Defendants reserve the right to assert such additional defenses as may appear applicable during the course of this litigation.

Dated this 19th day of May, 2016

                Respectfully submitted,

                Ogletree, Deakins, Nash,
                Smoak & Stewart, P.C.
                701 Brickell Avenue
                Suite 1600
                Miami, FL  33131
                Telephone: (305) 374-0506
                Direct Dial: (305) 455-3702
                Facsimile: (305) 374-0456


                s/ *Michael Tricarico*
                Michael R. Tricarico
                Florida Bar No. 0937071
                michael.tricarico@ogletreedeakins.com
                Paul DeBoe
                Florida Bar No. 52051
                Paul.deboe@ogletreedeakins.com

                *Counsel for Defendants Harbor Village Inc. and*
                *Robert G. Niznik*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 19, 2016, the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/*Michael Tricarico*
Michael Tricarico

## **SERVICE LIST**

*Yesika Medina  vs. Harbor Village Inc. and Robert G. Niznik*
CASE NO. 1:16-cv-21710-UU
United States District Court for the Southern District of Florida

Jason S. Remer
jremer@rgpattorneys.com
Brody M. Shulman
bshulman@rgpattorneys.com
REMER & GEORGES-PIERRE, PLLC,
44 West Flagler Street
Suite 2200
Miami, Florida 33130
Telephone:   305.416.5000
Facsimile:   305.416.5005

*Counsel for Plaintiff, Yesika Medina*

Method of Service: *CM/ECF*

Michael R. Tricarico
michael.tricarico@ogletreedeakins.com
Paul De Boe
paul.deboe@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone:   305.374.0506
Facsimile:   305.374.0456

*Counsel for Defendants,*
*Harbor Village Inc. and Robert G. Niznik*

24822849.1